**T. SMITH & SON, INC.**

v.

**Henry F. RIGBY, d/b/a Henry F. Rigby Dozer Service.**

**Civ. A. No. 68–2155.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 26, 1969.

Maurice C. Hebert, Jr., of Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for plaintiff.

Eldon T. Harvey, III, of Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant.

## OPINION

BOYLE, District Judge:

The plaintiff, T. Smith & Son, Inc. (hereafter T. Smith), is a stevedoring concern. It is a Louisiana corporation with its principal office in New Orleans. The defendant, Rigby, is a Louisiana citizen residing in Arabi, Louisiana. At all times pertinent herein, Rigby was in the business of himself operating earth moving equipment, as well as that of renting his equipment, with or without operators thereof, to building and road contractors and, on occasions, to stevedores.

We find the evidence herein establishes that on August 23, 1965, T. Smith had a contract to discharge cargo from the SS SAE JONG then in the Port of New Orleans; that on said date, as had been done on previous occasions, a T. Smith employee telephoned Rigby to advise him of T. Smith's desire to rent a traxcavator with an operator, informing Rigby of the name and location of the ship aboard which T. Smith would use the equipment and operator; Rigby provided the equipment and operator at an agreed rental of $10.00 per hour; the rental contract did not require the completion of any particular job, nor the handling of any stated amount of cargo, nor use of the equipment and operator for any stated period of time, termination of the rental being at T. Smith's discretion; T. Smith, if not satisfied with the operator's performance could dismiss the operator and require Rigby to furnish a replacement; Rigby was required to furnish fuel, oil and repairs; he paid the operator's wages and withheld income and employment taxes.

The evidence further establishes that the traxcavator and operator, under and subject to the orders and directions of T. Smith supervisory personnel, worked aboard the SAE JONG handling bulk sugar for a period of six hours and for the hire Rigby billed T. Smith for "1 Tractor and operator at $10.00 hr. for a total of 6 hrs.—$60.00".[1]

It is also established that the operator, an experienced traxcavator operator, was regularly employed by one of plaintiff's stevedoring competitors and worked part time for Rigby; on the day

1. Exhibit Oser 3.

and job on which T. Smith was using the rented traxcavator, it was also using two of its own traxcavators and two of its regular employees as operators thereof in the unloading operations.

The complaint herein alleges that the rented traxcavator, because of its negligent operation by its operator, struck a piece of lumber aboard the ship causing one Willie H. Jackson, a longshoreman in T. Smith's employ who was also engaged in the unloading operations, to be injured.

On January 15, 1968, some two and one-half years after the accident, Jackson sued the shipowner for damages.[2] In turn the shipowner filed a third-party complaint against T. Smith, which took over defense of the ship. In September 1968 Jackson's claim against the ship was compromised by T. Smith's paying Jackson $5,000.00.[3]

On November 25, 1968, T. Smith instituted this action to recover from Rigby the $5,000.00 paid to Jackson in settlement of his claim against the ship, $4,347.55 it paid in compensation to and medical expenses for Jackson and $842.52 for attorney's fees and expenses incurred in the Jackson suit.

The alleged basis of T. Smith's action herein is that Rigby "* * * contracted with T. Smith & Son, Inc. to perform [a] portion of the stevedoring service being furnished by T. Smith & Son, Inc., aboard the SS SAE JONG" and that Rigby breached his "implied warranty of workmanlike service." The alleged basis of jurisdiction is this Court's admiralty and maritime jurisdiction.[4]

Rigby defends on the ground, among others,[5] that this Court lacks jurisdiction because the contract between him and T. Smith was not a maritime contract.[6]

■■ Admiralty jurisdiction, in contract cases, is dependent upon the maritime nature of the contract. Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176 (1934). The test of whether or not a contract is within the admiralty and maritime jurisdiction is its nature and subject matter. Insurance Company v. Dunham, 11 Wall 1, 78 U.S. 1, 20 L.Ed. 90 (1870).

■ The stevedoring contract here was between T. Smith and the Shipowner for discharge of cargo from the SS SAE JONG. That contract was a maritime contract. American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947); Koninklyke, Nederlandsche Stoomboot Maalschappy, N. V. Royal Netherlands SS Co. v. Strachan Shipping Co., 301 F.2d 741 (5 Cir. 1962).

■ The subject matter of the T. Smith-Rigby contract was the rental of equipment and the furnishing of an operator therefor to perform such work where, when and for such period as T. Smith determined and directed. The fact that T. Smith used the equipment and its operator to perform its obligations under its contract with the ship did not transform the rental contract into a maritime contract; nor would

---

2. #68–85 E.D.La.

3. T. Smith did not bring Rigby into the Jackson suit although it was pending some eight months before settlement was reached. Explanation for such failure was that T. Smith was of the belief it was its tractor involved in the Jackson accident.

4. Diversity jurisdiction does not exist, both parties being Louisiana citizens.

5. Other defenses and contentions asserted are laches, failure to state a claim on which relief can be granted, general denial and that the traxcavator operator was T. Smith's borrowed employee. In view of the conclusions on the plea to jurisdiction, we do not reach the remaining issues.

6. The case was fully tried to the Court and taken under submission.

the fact that Rigby, when T. Smith ordered and he furnished the equipment and operator, was aware that both would be used in the discharge of cargo from the SS SAE JONG. The evidence does not show, and we cannot reach the legal conclusion, that Rigby intended to subcontract any of T. Smith's obligations under the stevedoring contractor with the ship.

We have been referred to no decision, and our own research has disclosed none, in which contracts of the nature involved here were held to be maritime or nonmaritime.

We cannot conceive that a contract to purchase a traxcavator to be used by T. Smith in its stevedoring business would be maritime. We are unable to conclude that a contract involving the rental of a traxcavator only by T. Smith to be operated by one of its regular employees would be a maritime contract to discharge cargo. Would then such a contract become a maritime contract because Rigby furnished an operator to operate the rented equipment when, where and for so long as T. Smith directed? We believe Rigby to be in no different position under those circumstances than one who contracted to furnish and did furnish a crew for a ship. A contract to furnish a ship's crew has been held to be nonmaritime. Goumas v. K. Karras & Son, 140 F.2d 157 (2 Cir. 1944), cert. den. 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568 (1934). The fact that services to be performed under a contract relate to a ship or its business, or that a ship is the object of such services, does not in and of itself mean the contract is a maritime one. Marchessini & Co., Inc. v. Pacific Marine Corporation (S.D.N.Y.) 227 F.Supp. 17, 18 (1944).

On the findings of fact set forth herein, we conclude that the T. Smith-Rigby contract is non-maritime and this Court is without jurisdiction.

The Clerk will enter judgment dismissing plaintiff's suit at its cost.